IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRIAN BROADFIELD, § | |
| BOP Register No. 18618-026, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | No. 3:22-cv-301-X-BN |
| § | |
| MERRICK GARLAND, Attorney § | |
| General of the United States, ET AL., § | |
| § | |
| Respondents. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Brian Broadfield, a federal prisoner incarcerated in this district, proceeding *pro se*, seeks a writ of mandamus under 28 U.S.C. § 1361 to compel federal officials to apply time credits to prisoners at a medium to high risk of recidivating as Congress intends. *See* Dkt. No. 3. He further seeks expedited injunctive relief related to this request. *See* Dkt. No. 5. Broadfield also seeks to certify a class of prisoners who are similarly situated, *see* Dkt. No. 4, and he moves the Court to appoint counsel, *see* Dkt. No. 6. United States District Judge Brantley Starr referred Broadfield's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this lawsuit without prejudice.

### Applicable Background

On October 28, 2014, Defendant pled guilty to conspiracy to knowingly manufacture more than 50 grams of a mixture and substance

> containing methamphetamine. At the time of sentencing, he qualified as a career offender and had a total offense level of thirty-four and a criminal history category VI. The sentencing guideline range was 262-327 months of imprisonment. On March 11, 2016, Defendant was sentenced to 208 months in prison and eight years of supervised release. The sentence was later reduced to 156 months pursuant to Rule 35. Defendant is currently an inmate at Federal Correctional Institution [ ] Seagoville, and his projected release date is November 18, 2024.

*United States v. Broadfield*, No. 13-CR-10055, 2021 WL 5565562, at *1 (C.D. Ill. Nov. 29, 2021) (citations omitted; denying Broadfield's second request for compassionate release).

The mandamus relief that Broadfield now seeks appears related to provisions of the First Step Act of 2018 (the FSA), providing

> for a system allowing eligible prisoners to earn time credits toward time in pre-release custody or supervised release for successfully completing evidence-based recidivism reduction programming or productive activities. 18 U.S.C. § 3632(d)(4)(A). Under the FSA, the Attorney General was charged with creating a new risk and needs assessment system, entitled "Prisoner Assessment Tool Targeting Estimated Risk and Needs" (PATTERN), to assess the recidivism risk of each prisoner and assign appropriate programing and activities to him based on various factors. *See* U.S. DEP'T OF JUSTICE, OFF. OF THE ATT'Y GEN., The First Step Act of 2018: Risk and Needs Assessment System (July 19, 2019), https://www.nij.gov/documents/the-first-step-act-of-2018-risk-and-needs-assessment-system.pdf. Although the FSA required the BOP to "begin to assign prisoners to the appropriate evidence-based recidivism reduction programs based on that determination" and "begin to expand the effective evidence-based recidivism reduction programs and productive activities it offers" by January 15, 2020, the FSA provide[d] for a two-year phase-in period, or until January 15, 2022, for the BOP to "provide such evidence-based recidivism reduction programs and productive activities to all prisoners." 18 U.S.C. § 3621(h)(2). Furthermore, the BOP has determined that FSA time credits "may only be earned for completion of assigned programs and activities authorized by BOP and successfully completed on or after January 15, 2020." *See* U.S. DEP'T OF JUSTICE, FED. BUR. OF PRISONS, https://www.bop.gov/inmates/fsa/faq.jsp#fsa_time_credits. Prisoners that successfully complete their assigned programs and activities "shall

> earn 10 days of time credits for every 30 days of successful participation." 18 U.S.C. § 3632(d)(4)(A). Additionally, a prisoner determined "to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." *Id.* § 3632(d)(4)(A)(ii).

*Burtons v. Warden, FMC-Fort Worth*, No. 4:21-cv-935-P, 2021 WL 6063103, at *1 (N.D. Tex. Dec. 22, 2021).

This is not Broadfield's first attempt to obtain mandamus relief related to changes mandated by the FSA. *See Broadfield v. Rosen*, No. 2:21-CV-00103, 2021 WL 2677392 (W.D. La. June 9, 2021), *rec. adopted*, 2021 WL 2670813 (W.D. La. June 29, 2021).

## Legal Standards and Analysis

"Under 28 U.S.C. § 1361, district courts have original jurisdiction over 'any action in the nature of mandamus.'" *Mendoza-Tarango v. Flores*, 982 F.3d 395, 398 (5th Cir. 2020) (citation omitted). This "mandamus jurisdiction exists if the action is an attempt to compel an officer or employee of the United States or its agencies to perform an allegedly nondiscretionary duty owed to the plaintiff." *Id.* (quoting *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 766 (5th Cir. 2011)).

But, under its plain language, Section 1361 "does not grant jurisdiction to consider actions asking for other types of relief – such as injunctive relief," since "[a]n injunction 'is a remedy to restrain the doing of injurious acts' or to require 'the undoing of injurious acts and the restoration of the status quo,' whereas 'mandamus commands the performance of a particular duty that rests on the defendant or

respondent, by operation or law or because of official status.'" *Wolcott*, 635 F.3d at 766 (citation omitted).

If mandamus jurisdiction does exist, relief under Section 1361 "may only issue when (1) the plaintiff has a clear right to relief, (2) the defendant a clear duty to act, and (3) no other adequate remedy exists." *Id.* at 768 (citing *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980); *Green v. Heckler*, 742 F.2d 237, 241 (5th Cir. 1984)). As to the first two requirements, "[i]n short, mandamus does not create or expand duties, but merely enforces clear, non-discretionary duties already in existence." *Id.*

For no other adequate remedy to be available "requires the exhaustion of any adequate administrative remedies before a court may issue mandamus." *Id.* (citing *Heckler v. Ringer*, 466 U.S. 602, 616-17 (1984)). That is, "[o]rdinarily mandamus may not be resorted to as a mode of review where a statutory method of appeal has been prescribed." *Id.* (quoting *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 27-28 (1943)). And, "[a]n alternative remedy, including an administrative remedy, is adequate if it is 'capable of affording full relief as to the very subject matter in question.'" *Id.* (citing *Carter v. Seamans*, 411 F.2d 767, 773 (5th Cir. 1969) (per curiam)).

And, "[e]ven when a court finds that all three elements are satisfied, the decision to grant or deny the writ remains within the court's discretion because of the extraordinary nature of the remedy." *Id.* (citing *United States v. Denson*, 603 F.2d 1143, 1146 (5th Cir. 1979) (en banc)). Mandamus is therefore "reserved for extraordinary circumstances." *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997) (citing *Kerr v. U.S. Dist. Ct.*, 426 U.S. 394, 403 (1976)).

Applying these standards, Section 1361 does not afford the Court jurisdiction over Broadfield's request for injunctive relief, expedited or otherwise. *See Wolcott*, 635 F.3d at 767.

And, insofar as the statute may provide for jurisdiction over Broadfield's request that the Court compel federal officials to apply provisions of the First Step Act as Congress intends, to the extent that these provisions are being applied in a manner that prevents Broadfield from receiving all sentencing credit to which he believes he is entitled, an established remedial scheme exists – exhausting available administrative remedies within the Bureau of Prisons and, if necessary, seeking habeas relief under 28 U.S.C. § 2241, "the proper procedural vehicle if a prisoner 'challenges the execution of his sentence rather than the validity of his conviction and sentence.'" *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)); *Hills v. Carr*, No. 4:21-CV-737-P, 2021 WL 4399771, at *3 (N.D. Tex. Sept. 27, 2021) ("Federal prisoners must exhaust administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Judicial enforcement of the administrative-exhaustion requirement promotes judicial efficiency and conserves scarce judicial resources, allows the agency time to develop the necessary factual background and apply its specific expertise, and discourages the deliberate flouting of the administrative process. *McKart v. United States*, 395

U.S. 185, 193-95 (1969).").[1]

The Court should therefore dismiss this case without prejudice to Broadfield's ability to pursue the adequate alternative remedies available to him.

## Recommendation

The Court should dismiss this case without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. And any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

---

[1] *See, e.g., Powers v. Carvajal*, 2021 WL 5711926, No. 20-cv-3785 (TSC) (D.D.C. Dec. 2, 2021) (where a federal prisoner sought mandamus under Section 1361 to compel prison officials to recalculate the duration of his sentence, the court concluded that, "[b]ecause Plaintiff has an adequate remedy in habeas corpus, this court is deprived of subject-matter jurisdiction" (citation omitted)). *Hunter v. U.S. Parole Comm'n*, No. 1:08-CV-141, 2010 WL 55992, at *2 (E.D. Tex. Jan. 5, 2010) ("Petitioner has neither alleged nor demonstrated that he presented his complaint to parole officials through the administrative remedy procedure. Thus, it appears petitioner did not exhaust available remedies prior to filing this petition. Further, petitioner has failed to allege or demonstrate he presented his complaint through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. As other adequate relief is available, mandamus jurisdiction is not conferred. Accordingly, the petition should be dismissed without prejudice.").

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 9, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE