UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIAN BROADFIELD, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-301-X-BN |
| | § | |
| MERRICK GARLAND, Attorney General of the United States, ET AL., | § § § § | |
| | § | |
| *Respondents*. | § | |

### ORDER ACCEPTING THE FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the Magistrate Judge's Findings, Conclusions, and Recommendations in this case [Doc. No. 7], as well as petitioner Brian Broadfield's objections to them. As the Magistrate Judge explains, Broadfield, "a federal prisoner incarcerated in this district," "seeks a writ of mandamus under 28 U.S.C. § 1361 to compel federal officials to apply time credits to prisoners at a medium to high risk of recidivating as Congress intends."[1] According to Broadfield, the relief he seeks is required under the First Step Act of 2018.[2] Broadfield seeks certification of a class of prisoners who are similarly situated, as well as injunctive relief.

As the Magistrate Judge explains, Section 1361 "mandamus jurisdiction exists if the action is an attempt to compel an officer or employee of the United States or its

---

[1] Doc. No. 7 at 1.

[2] Doc. No. 3 at 1.

1

agencies to perform an allegedly nondiscretionary duty owed to the plaintiff."[3] But Section 1361 "does not grant jurisdiction to consider actions asking for other types of relief – such as injunctive relief."[4] This is because, while mandamus compels that a particular duty be performed, "[a]n injunction is a remedy to restrain the doing of injurious acts or to require the undoing of injurious acts and the restoration of the status quo."[5] So, as the Magistrate Judge concludes, the Court lacks jurisdiction to consider Broadfield's request for injunctive relief.

As for Broadfield's underlying Section 1361 mandamus request, such relief "may only issue when (1) the plaintiff has a clear right to relief, (2) the defendant a clear duty to act, and (3) no other adequate remedy exists."[6] This third element "requires the exhaustion of any adequate administrative remedies before a court may issue mandamus."[7] Here, Broadfield could seek relief through the Bureau of Prisons administrative remedies process or through a habeas proceeding under 28 U.S.C. § 2241.

In response, Broadfield requests "judicial waiver" of the requirement that he exhaust the Bureau of Prisons's administrative remedies, arguing that that process is inefficient, and further arguing that "in general, all remedies are denied."[8] As for

---

[3] *Mendoza-Tarango v. Flores*, 982 F.3d 395, 398 (5th Cir. 2020).

[4] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 766 (5th Cir. 2011).

[5] *Id.* (internal quotation omitted).

[6] *Id.* at 768 (internal citations omitted).

[7] *Id.* (citing *Heckler v. Ringer*, 466 U.S. 602, 616–17 (1984)).

[8] Doc. No. 8 at 3.

habeas relief under 28 U.S.C. § 2241, Broadfield argues that requiring him and similarly situated individuals to each pursue relief in that manner would be less efficient than allowing him to proceed in a mandamus action representing a certified class, so the Court should allow his action to proceed in the name of "judicial economy."[9]

But the Court is not persuaded that the Bureau of Prisoners administrative remedies process is not "adequate,"[10] so it declines Broadfield's request that it waive the requirement that he exhaust it before pursuing an action under Section 1361. And the Court is also unpersuaded that judicial economy requires it to ignore Section 1361's requirements. Broadfield must exhaust the remedies available to him before seeking mandamus relief under Section 1361.

So, finding no errors, the Court **ACCEPTS** and **ADOPTS IN FULL** the Magistrate Judge's findings, conclusions, and recommendations, and the Court **DISMISSES** this action **WITHOUT PREJUDICE.**

**IT IS SO ORDERED** this 24th day of May, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[9] *Id.* at 6.

[10] *Wolcott*, 635 F.3d at 768.